# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

————————————————————— )
  )
**TYRONE WEAKS,**  )
  )
       **Plaintiff,**  )
  )
       **v.**  )   **Civil Action No. 05-0595 (ESH)**
  )
**FBI-MPD SAFE STREETS TASK**  )
**FORCE,** *et al.,*  )
  )
       **Defendant.**  )
—————————————————————— )

## MEMORANDUM OPINION

      Proceeding *pro se* and *in forma pauperis*, plaintiff Tyrone Weaks filed this *Bivens* action against FBI Special Agent Kyle Fulmer and the Federal Bureau of Investigation and District of Columbia Metropolitan Police Department's Safe Streets Task Force.  (Compl. at 5.)  *See Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  Before the Court is defendants' Motion to Dismiss Plaintiff's Complaint or, in the Alternative, to Transfer, as well as plaintiff's opposition thereto.  For the reasons below, the Court will grant defendant's motion and dismiss plaintiff's complaint with prejudice.

## BACKGROUND

      According to Weaks' complaint and subsequent filings, officers with the FBI-MPD Safe Streets Task Force entered his apartment[1] on October 31, 2001, under the authority of an

———————————————————

     [1]Plaintiff's complaint does not indicate that the challenged search occurred at his residence, stating only that officers "executed an unnumbered D.C. Superior Court search warrant at 1649 W. St. S.E. Apt. 202 Washington D.C."  (Compl. at 5.)  In opposing defendant's Motion to Dismiss, however, plaintiff stated that the alleged actions took place "at his home."  (Pl.'s Mot. to Maintain Compl. at 1.)

"unnumbered D.C. Superior Court search warrant."  (Compl. at 5; Pl.'s Opp'n at 1-2.)  "Upon

arriving on the scene," the complaint alleges, FBI Special Agent Kyle Fulmer "punch[ed]"

plaintiff's "longtime girlfriend . . . in the face and knock[ed] down his son," a two-year old.

(Compl. at 5.)  Plaintiff was arrested and the apartment searched.  (*Id.*)  He is presently

incarcerated at the United States Penitentiary in Allenwood, Pennsylvania (Pl.'s Opp'n at 1),

having been sentenced to 181 months incarceration after entering a conditional guilty plea to both

possessing with intent to distribute five or more grams of cocaine base and using, carrying and

possessing a firearm in relation to that drug offense.  *See United States v. Weaks*, 388 F.3d 913,

915 (D.C. Cir. 2004); *United States v. Weaks*, Crim. No. 01-0425 (March 13, 2003) (sentence).

On March 22, 2005, Weaks filed this *Bivens* action against the FBI-MPD Safe Streets

Task Force and Special Agent Fulmer.  In his complaint, Weaks alleged that the "unnumbered

D.C. Superior Court warrant which agents claim to have executed . . . does not 'exist.'"  (Compl.

at 5.)  After defendants included the warrant as an exhibit to their Motion to Dismiss (*see* Mot.

Ex. C), plaintiff alleged instead that "the search was illegal because of the unnumbered search

warrant, and information in the record that indicates that the search warrant in question . . . was

altered . . . and most likely doctored after the alleged Judge signed the affidavit."  (Pl.'s Opp'n at

2.)  Weaks' complaint further alleged that Special Agent Fulmer used excessive force against his

girlfriend and son when performing the search and arrest, thereby violating their constitutional

rights.  (Compl. at 5.)  He requests $100 million in damages.[2]  (Compl. at 5.)

_____

[2]Plaintiff asks in his opposition that his complaint be amended to reduce the prayer for
damages from $100 million to $5 million.  (Pl.'s Opp'n at 4-5.)

## ANALYSIS

In their motion to dismiss plaintiff's complaint, filed pursuant to Federal Rules of Civil Procedure 12(b)(1), (b)(4), (b)(5), and (b)(6), defendants contend that the United States has not waived its sovereign immunity from constitutional tort suits, thus precluding Weaks' claims against the FBI and Special Agent Fulmer in his official capacity; that Weaks is without standing to bring excessive force claims on behalf of his son or girlfriend; and that Weaks' constitutional tort claims fall within Special Agent Fulmer's qualified immunity from suit.[3] (Mem. in Supp. of Defs.' Mot. at 3-14.)

## I.   Sovereign Immunity

In the absence of an express waiver, sovereign immunity precludes suits against the United States and its agencies. *See Deaf Smith County Grain Processors, Inc. v. Glickman*, 162 F.3d 1206, 1210 (D.C. Cir. 1998). This rule is fatal to plaintiff's claims against the FBI and Special Agent Fulmer in his official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 ("As long as the government entity receives notice and an opportunity to respond, an

---

[3]Defendants' motion presents two other bases for dismissal. First, defendants contend that plaintiff's complaint is barred by the applicable limitations period, an argument the Court must reject since the statute of limitations has been tolled due to plaintiff's incarceration. *See* D.C. Code § 12-302(a)(3). Second, defendants contend that Weaks failed to serve both Special Agent Fulmer and the United States Attorney General within the 120-day window of Federal Rule of Civil Procedure Rule 4(m), requiring dismissal of his claims under Rule 12(b)(5). (Mem. in Supp. of Defs.' Mot. at 3-6.) While it is the "usual practice" to first determine if process has been properly served and consider the merits of the complaint "only if it has," such an approach is inappropriate in *Bivens* cases like this one. *See Simpkins v. Dist. of Columbia Gov't*, 108 F.3d 366, 370 (D.C. Cir. 1997). For the reasons discussed *infra*, Weaks' claims -- even when read with the deference owed a *pro se* plaintiff -- would not be viable following proper service of process. Thus, to dismiss Weaks' complaint without prejudice on insufficiency of service grounds would only "postpone[] the inevitable," a move "not . . . in keeping with the Supreme Court's instruction to the lower federal courts 'to weed out' insubstantial *Bivens* suits 'expeditiously.'" *Simpkins*, 108 F.3d at 370 (quoting *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)).

official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). Though the United States did open itself to liability for some common law torts with the Federal Torts Claims Act, 28 U.S.C. § 2671 *et seq*., this waiver does not extend to the constitutional torts plaintiff has alleged.  *See* 28 U.S.C. §§ 1346(b)(1)*,* 2679(b); *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 478 (1994) ("[T]he United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims.").  Moreover, no *Bivens* cause of action is available against federal agencies.  *Meyer*, 510 U.S. at 486.  Accordingly, plaintiff's claims against the FBI and Special Agent Fulmer in his official capacity must be dismissed.

## II.    Standing

The Court is similarly unable to consider Weaks' claim that Special Agent Fulmer used excessive force against plaintiff's son and girlfriend and should therefore be held personally liable under *Bivens*.  Under the standing requirements of Article III, the Court's jurisdiction is limited to those cases in which the plaintiff has demonstrated, among other things, an "'injury in fact,'" one that has had a "concrete" effect on the plaintiff "in a personal and individual way." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 560 n.1 (1992); *see also Hutchins v. Dist. of Columbia*, 144 F.3d 798, 803 (D.C. Cir. 1998) (parent seeking third party standing to assert child's rights "must himself or herself suffer an Article III injury-in-fact").  Weaks has not alleged such an injury, asserting only that Special Agent Fulmer exerted unlawful force against his son and girlfriend.  (*See* Compl. at 5 ("Fulmer assaulted the plaintiff's longtime girlfriend . . . by punching her in the face and knocking down his son . . . ."); Pl.'s Opp'n at 2 (challenging the "excessive force inflicted on plaintiff's family").)  Accordingly, plaintiff's excessive force claims must be dismissed for lack of jurisdiction.

4

III.     **Qualified Immunity and Collateral Estoppel**

In his only remaining claim, Weaks contends that Special Agent Fulmer violated his constitutional rights by conducting the search either without a warrant or, as later alleged in his opposition, with a warrant that had been altered after its issuance, thus subjecting him to *Bivens* liability.[4/]  (Compl. at 5; Pl.'s Opp'n at 2.)  Defendants contend that plaintiff is barred from recovering on this claim as a result of Special Agent Fulmer's qualified immunity from suit, thus requiring its dismissal.  (Mem. in Supp. of Mot. at 9-12.)  Under Rule 12(b)(6), dismissal for failure to state a claim is appropriate only where the defendant has demonstrated "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *In re Swine Flu Immunization Prods. Liab. Litig.*, 880 F.2d 1439, 1442 (D.C.Cir.1989) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  Construing plaintiff's *pro se* filings liberally and drawing all reasonable factual inferences in his favor, *see Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999); *Maljack Prods., Inc. v. Motion Picture Ass'n of Am., Inc.*, 52 F.3d 373, 375 (D.C. Cir. 1995), the Court can only conclude that plaintiff's claim must be dismissed.

Under the doctrine of qualified immunity, "[o]fficials are liable for committing constitutional torts . . . only if they knew, or were unreasonable in not knowing, that their behavior violated the Constitution."  *Harris v. District of Columbia*, 932 F.2d 10, 13 (D.C. Cir.

---

[4/]In support of this argument, plaintiff's opposition states that "a lady that lives across the hall . . . on the day of the search/arrest . . . stated that she overheard two agents/officers talking after the search . . . about how they made a mistake on the apartment number . . . but they got lucky anyway."  (Pl.'s Opp'n at 4.)  In both his complaint and later opposition, however, plaintiff indicates that the search was conducted at the same address and apartment number indicated on the warrant.  (*See* Mot. Ex. C; Compl. at 5; Pl.'s Opp'n at 2.)  For the reasons discussed *infra*, plaintiff has no viable challenge to the warrant or its execution.

1991).  An officer responsible for the execution of a facially-valid search warrant is accordingly

immune from civil liability, even in cases where there remains a genuine question as to whether

the officer responsible for obtaining the warrant reasonably believed there was probable cause for

doing so.  *See Salmon v. Schwarz*, 948 F.2d 1131, 1140-41 (10th Cir. 1991) (holding an officer's

"execution of [a] facially valid arrest warrant . . . protected by the defense of qualified

immunity") (citing *Anderson v. Creighton*, 483 U.S. 635, 641 (1987) ("[I]t is inevitable that law

enforcement officials will in some case reasonably but mistakenly conclude that probable cause

is present, and we have indicated that in such case those officials—like other officials who act in

ways they reasonably believe to be lawful—should not be held personally liable.")).  There is no

question that Special Agent Fulmer's search of plaintiff's residence was supported by the warrant

supplied with defendant's motion, a fact plaintiff acknowledges in his opposition.  (*See* Mot. Ex.

C (warrant); Pl.'s Opp'n at 2 (abandoning the allegation that officers lacked a warrant and arguing

instead that "the search warrant in question . . . was altered").)  Moreover, Special Agent

Fulmer's reliance on the warrant was not made objectively unreasonable by the amendments cited

in Weaks' pleadings.  While it is apparent on the face of the warrant that a number was marked

out and replaced with a handwritten and initialed "1649," the change merely duplicated

information recorded elsewhere on the document -- on the line above the correction Weaks'

address is printed in full; on the line below, plaintiff's apartment number is repeated.  (*See* Mot.

Ex. C.)  The correction, therefore, did not render the warrant facially invalid.  Thus, Special

Agent Fulmer's execution of the warrant was itself an objectively reasonable act insulated from

civil liability under the doctrine of qualified immunity.  Because plaintiff is unable to recover on

the claim, it must be dismissed.

Moreover, the Court notes plaintiff's argument regarding the search warrant is also foreclosed by his previous litigation of the issue during his criminal case. *See Covad Communications Co. v. Bell Atlantic Corp.*, 398 F.3d 666, 667 (D.C. Cir. 2005) (taking judicial notice of prior judicial opinions in resolving a motion to dismiss); *Gullo v. Veterans Co-op. Housing Ass'n*, 269 F.2d 517, 517 (D.C. Cir. 1959) (affirming a *res judicata* dismissal on the basis of an opinion of which the district court had taken judicial notice); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii)("[T]he court shall dismiss [an *in forma pauperis*] case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious . . . [;] fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief.").  Following the search at issue here, Weaks was charged with possessing five or more grams of cocaine base with intent to distribute, as well as using, carrying and possessing a firearm in relation to that drug offense. *See Weaks*, 388 F.3d at 915.  Prior to entering a conditional guilty plea pursuant to Federal Rule of Criminal Procedure 11(a)(2), Weaks moved to suppress the evidence obtained as a result of the search, arguing that "a detective amended the search warrant after a judge of the Superior Court issued it." *Id.*  The district court denied the motion, a ruling that was affirmed on appeal. *Id.*  In discussing Weaks' challenge to the search, the Court of Appeals noted that the warrant did contain handwritten alterations:

> In a statement describing the entrance to the apartment building, a number is blacked out and replaced with "1649." It is most likely that the change corrected a typographical error.  On the line above, the address is identified as "1649 W. Street, Apartment #202," which is where Weaks resided; on the line below, "Apartment #202" is listed again.  This, coupled with evidence at the suppression hearing that the handwriting was already on the warrant when the judge signed it, dooms any claim of irregularity.

7

*Id.* Having already litigated the warrant issue, Weaks is estopped from relitigating it here. *See McClam v. Barry*, 697 F.2d 366, 371 n.3 (D.C. Cir. 1983) (dismissal of *Bivens* claim appropriate on estoppel grounds where the factual allegations underlying plaintiff's suit were rejected by the jury in plaintiff's prior criminal proceeding); *Matthews v. Macanas*, 990 F.2d 467, 468 (9th Cir. 1993) (*Bivens* action against officers alleged to have executed a warrant unsupported by probable cause "barred by the doctrine of collateral estoppel" due to a prior criminal appeal affirming the district court's refusal to suppress evidence obtained in the search); *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 762 (9th Cir. 1991) ("A plaintiff may be estopped from bringing a civil action to challenge an issue which was distinctly put in issue and directly determined in a previous criminal action."); *cf. Allen v. McCurry*, 449 U.S. 90, 105 (1980) (collateral estoppel applicable to 42 U.S.C. § 1983 actions based on factual claims litigated and decided against plaintiff in an earlier state-court criminal trial). Dismissal of the claim is therefore required.

## CONCLUSION

For the reasons above, the Court will grant defendant's motion and dismiss plaintiff's complaint with prejudice.

s/

ELLEN SEGAL HUVELLE
United States District Judge

Date:   January 27, 2006